[37 407]<br>[13ap139]

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* PAUL BAUER, APPELLANT.

*An appellant cannot object to an error which was advantageous to him — power of the court to sentence for a part only of the term fixed by a statute — Penal Code, sec. 351 — in case of an erroneous sentence the case will be remitted for further sentence.*

The defendant having plead guilty to an indictment charging him with a violation of section 351 of the Penal Code, in having permitted a building owned by him to be used for the purpose of registering bets and wagers, was sentenced to pay a fine of $750, and be imprisoned for three months. The said section of the Penal Code provides that a violation of it " is punishable by imprisonment for one year, or by fine not exceeding two thousand dollars, or both."

Upon an appeal taken by the defendant, he claimed that the court could not sentence him to imprisonment for three months, but must sentence him for one year or not at all.

*Held,* that even if the sentence were irregular, yet the error could not be assigned by the defendant, as it was beneficial to him.

That the statute was intended to authorize an imprisonment for any term not exceeding one year.

That as there was no error in the conviction, the court could, in any view it might take of the case, only reverse the sentence and remit the record to the court below to pass such sentence as the appellate court might direct.

APPEAL from a judgment convicting the defendant of a violation of section 351 of the Penal Code.

*Jerry A. Wernberg,* for the appellant.

*James W. Ridgway,* for the respondent.

DYKMAN, J. :

The defendant was indicted in February, 1885, in the Court of Sessions of Kings county, for permitting a building which he owned to be used for the purpose of registering bets and wagers, and he plead guilty to the indictment.

The statute, under which the indictment was framed, provides that a person guilty of the offense charged therein is punishable by imprisonment for one year or by fine not exceeding $2,000, or both. A fine of $750 was imposed on the defendant and he was also sentenced to imprisonment in the penitentiary for the term of three months. The defendant paid the fine and appealed to the Supreme Court from the judgment of conviction and the sentence. The complaint is against the sentence and the claim is, that the time fixed for the imprisonment is too short and therefore unauthorized. If the validity of this complaint be assumed a ready answer to it is that the defendant is unprejudiced by the error and ought not to be heard against it. Being advantageous to him he cannot assign it for error.

Proceeding, however, with the examination we find the defendant to be punishable by imprisonment for one year or by fine, or both. The statute does not declare that the defendant, or persons in like case offending, shall be punished by imprisonment for a year or for not less than a year or a fine or both, but that he is punishable, or may be punished, in that way ; that is, the trial court is vested with discretion to punish a defendant on conviction in one or both of the modes specified. Bearing in mind the rule prescribed for the construction of the Penal Code by which all its provisions must be construed according to the fair import of the terms to promote justice and effect the objects of the law, it seems not unreasonable to assume that, under the statute in question, imprisonment may be inflicted for a term not exceeding a year.

But, again, assuming all that can be conceded to the defendant's insistence, he presents at most but an irregularity. His conviction is valid and his sentence to imprisonment is alone unlawful. The most that can be done for him, therefore, on this appeal is to reverse

the judgment for error in the sentence, and remit the record to the court in which the conviction was had to pass such sentence as we direct. (*People* v. *Bork*, 96 N. Y., 201.)

We cannot reverse the conviction because it stands unchallenged; no complaint is raised against it; and if we could review the discretion of the trial court in laying the punishment on the defendant we should find nothing to condemn. It had jurisdiction of the person of the defendant and of the subject-matter, and the sentence conforms to the provisions of the statute. The only objection being that the length of the term is insufficient. There was, therefore, no attempt to exert power beyond its jurisdiction. It did not exceed the time authorized by statute.

On the whole case our conclusion is, that the judgment should be affirmed.

BARNARD, P. J., concurred.

Conviction affirmed.